# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3197

_____

Federal Home Loan Mortgage Corporation

*Plaintiff - Appellee*

v.

Robi J. Briggs

*Defendant - Appellant*

John Doe; Mary Roe

*Defendant*s

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: January 13, 2014
Filed: February 27, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

The Federal Home Loan Mortgage Corporation ("Freddie Mac") acquired title to the subject residential real property located in Carver County, Minnesota by limited

warranty deed from Wells Fargo Bank, N.A., which purchased the property at its non-judicial foreclosure sale. Appellant Robi J. Briggs, and John Doe and Mary Roe, were found to be occupying the property, and Freddie Mac instituted an eviction action against them in Minnesota District Court, Carver County. Briggs removed the eviction action from Minnesota District Court to the United States District Court,[1] asserting that the federal court had subject matter jurisdiction pursuant to 12 U.S.C. § 1452(f) (action against Freddie Mac that is commenced in state court may be removed to federal district court and district court has original jurisdiction of civil actions to which Freddie Mac is a party without regard to amount or value). Freddie Mac's motion to remand the case to state court was subsequently granted on the basis of abstention. Following the remand, the state court eviction proceeding resumed, and Freddie Mac subsequently obtained an order for possession of the premises.

Because the federal district courts have original jurisdiction over all civil actions in which Freddie Mac is a party, 12 U.S.C. § 1452(f), and "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court," 28 U.S.C. § 1441(a), the district court possessed subject matter jurisdiction in this action.[2]

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota, adopting the order of the Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

[2]In considering the motion to remand, the district court assumed without deciding that it possessed subject matter jurisdiction. "We have stated, however, that a court may not assume hypothetical jurisdiction to decide contested questions of law when its jurisdiction is in doubt." Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Trust Co., 640 F.3d 821, 825 (8th Cir. 2011) (internal quotation marks and citations omitted). Accordingly, we have assured that the district court possessed subject matter jurisdiction before proceeding. Id.

Relying on Burford v. Sun Oil Co., 319 U.S. 315, 317-34 (1943), the district court determined that abstention was appropriate because eviction actions are primarily a matter of state law and this Minnesota eviction action "is a summary proceeding created by Minnesota state law (Minn. Stat. § 504B), the enforcement of which is tasked to Minnesota law enforcement personnel." The district court further reasoned that "Minnesota state district courts . . . have a superior ability to handle efficiently the large volume of post-foreclosure eviction cases to which Freddie Mac is a party." The court also found that "[s]tate courts are highly familiar with dispossessory procedure, and federal courts are ill-equipped to adjudicate these actions" (internal quotation marks and citation omitted).

We agree with the district court that the Minnesota eviction statutes provide a comprehensive and detailed framework for the efficient processing by the Minnesota courts of large numbers of eviction actions, providing for, among other things: the form and content of the summons and complaint; a procedure for service of summons, answer, and for expedited relief; a trial process including a right to jury trial; the form of judgment; and the execution of judgment and writ of recovery and order to vacate. See Minn. Stat. § 504B.281–.371. We conclude, without extended discussion, that the district court did not abuse its discretion in determining that abstention is appropriate under Burford. See City of Jefferson City, Mo. v. Cingular Wireless, LLC, 531 F.3d 595, 599, 605 (8th Cir. 2008), see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 726-27 (1976) (recognizing that Burford abstention is appropriate where the action involves "'difficult questions of state law bearing on policy problems of substantial public import,'" or where the exercise of federal review "'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern'" (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)).

Accordingly, the order of the district court is affirmed.

_____

-3-